No. 186

FINDLAY (City) v. ASSOCIATES INV. CO.

No. 19570. Supreme Court

On motion to certify. Dock. Jan. 16, 1926; 4 Abs. 56.

**118. AUTOMOBILES—When an automobile is confiscated by the state for illegal transportation of liquor, may a lien holder replevin the automobile by virtue of a chattel mortgage after confiscation?**

This action was begun originally by Associates Investment Company against Howard R. Sharp, Minnie Kern and the city of Findlay to foreclose a chattel mortgage on a certain automobile owned by Sharp.

It appears that Sharp had been apprehended for illegal transportation of liquor and pursuant thereto the automobile was confiscated by the city and ordered sold.

The Hancock Common Pleas awarded foreclosure and ordered the automobile sold under execution and this judgment was affirmed in the Court of Appeals.

The City, in the Supreme Court, contends:

1. That the law denies the right to recover possession of a car by replevin under such circumstances.

2. That the court in effect collaterally attacked the judgment of the mayor's court contrary to law.

3. That a lienholder cannot prevent a forfeiture of the car.

4. That the statute provides an exclusive remedy to the lienholder.

Attorneys—W. S. Snook, City Solicitor, for City; Foster & Sheridan, for Company; all of Findlay.

No. 187

LUTHI BROS. v. STEWART & WARD

No. 19555. Supreme Court

On motion to certify. Dock. Jan. 11, 1926; 4 Abs. 56.

**1085. SERVICE—If after service is set aside, more than 60 days elapse before an alias summons is issued, is the action deemed to have been commenced as of the date of the filing of the petition and the causing of a summons to be issued, or does 11231 GC. abrogate such a contention?**

Stewart and Ward, a partnership, brought the original action against Luthi Brothers, under the Bulk Sales Act.

The sheriff made a mistake in making his copy of the summons which he served on Elmer Luthi, in designating Luthi Bros. as a coporation instead of a partnership. The Belmont Common Pleas set aside the service on motion of Elmer Luthi, subsequent to the 90 day period within which such an action must be brought. Five months after this service was set aside an alias summons was issued, which was attacked under 11231 GC., which provides:

"Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service. within sixty days."

The Common Pleas held the second service to be good and the Appeals held the first service to be good, wholly on the strength of two affidavits filed on the hearing of the original motion, no petition in error or Bill of Exceptions having been filed.

Luthi Brothers here contend:

1. That the order of the Common Pleas in sustaining the motion to quash service was a final order, since more than 60 days had elapsed since the first attempted service of summons.

2. That the Court of Appeals was without authority to set aside said order when no petition or cross-petition in error had been filed to the sustaining of said motion.

3. That errors are presumed to be waived where not specifically assigned in a petition in error.

4. That the court will not look beyond the assignment made in the petition in error, unless there is a general assignment.

Attorneys—D. D. Dubois for Luthi Bros.; Cooper, Belt, Cooper & Witten, for Stewart & Ward; all of Bellaire.